FILED ENTERED
LODGED RECEIVED

MAR 3 1 2011

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

JAYRECE TURNBULL     *

v.     *    Criminal Case No. AW-08-0137
    *    Civil Case No.    AW-11-139

UNITED STATES OF AMERICA    ******

## MEMORANDUM OPINION

### I.

Before the Court is a Motion by the Petitioner/Defendant, Jayrece Turnbull, pursuant to 28 U.S.C § 2255 To Vacate, Set Aside or Correct Sentence. In her Motion and Memorandum in support of her Motion, Petitioner raises two reasons why she contends that her conviction should be vacated: (1) "the plea agreement signed by Petitioner was not voluntary and was unlawfully coerced by the manipulation of Petitioner by subjecting her to 18 months of government administered Moral Reconation therapy." (2) ineffective assistance of counsel on account of her attorney having "participated in the government's scheme to mentally coerce a plea agreement through prolonged government administered behavior modification therapy during critical plea agreement negotiations." The Government has responded to the Motion, Petitioner has filed a reply to the Government's response, and the Motion is ripe for resolution. The Court has reviewed the current pleadings and the entire file relative to the present Motion, including the underlying criminal case file, and the Judgment issued by this Court. For the reasons stated hereinafter, the Motion must be denied.

On October 7, 2008 Petitioner waived indictment and pled guilty to a four- count Information charging her with: Mail Fraud, in violation of 18 U.S.C. § 1341: Receipt of Stolen

Property, in violation of 18 U.S.C. § 1215; Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956 (h); and Tax Evasion, in violation of 26 U.S. C § 7201. Following the preparation, filing and consideration of the presentence report, the Court conducted a sentencing hearing on March 16, 2009, and issued a judgment on March 19, 2009- sentencing Petitioner to 108 months as to each Counts 1, 2, and 3 and 60 months as to Count 4 to be concurrent to the period of imprisonment imposed on Counts 1, 2, and 3 for a total of 108 months. Petitioner appealed her conviction to the United States Court of Appeals for the Fourth Judicial Circuit which affirmed the conviction and sentence by an unpublished opinion decided on July 2, 2010.

## II.

By way of background, Petitioner and numerous other defendants were indicted by the United States District Court for the District of Maryland in one of the largest tax, money laundering, embezzlement, and fraudulent money and financial schemes ever contrived in the District of Columbia Government. The master mind of this conspiracy was Harriette Walters. Petitioner is the niece of Harriette Walters. Petitioner acknowledged in her plea agreement her participation in the scheme, and the evidence clearly reflected that some $24, 521 720.66 in fraudulent checks were deposited in various accounts (some 26 bank accounts) titled in the name of Petitioner. Petitioner also admitted that she willfully failed to pay income tax or to report the taxable income she gained from the fraudulent scheme. Once the scheme (which may have been in existence as early as 2001 or earlier) had been discovered and those responsible had been arrested, indictments were handed down in both the United States District Court for the District of Columbia and, also in this Court-- as millions of dollars were traced to the state of Maryland.

Petitioner's two claims which she presents for relief from the conviction and sentence can

be quickly resolved. Both of the claims are but ball allegations with not even a shred of evidence nor the required specifics presented in support of either claim. This first claim by Petitioner, namely, that the plea agreement she signed was not voluntary and was unlawfully coerced through manipulation of Petitioner by subjecting her to 18 months of government administered Moral Reonation is alleged without any meaningful factual support. The Court reviewed the 31 page transcript of the October 8, 2008 Rule 11 proceeding. The transcript reflects a careful, thorough, and exhaustive colloquy between and by the Court with Petitioner, resulting in the Court determining that the guilty plea was voluntarily, knowingly, and understandingly made. In response to the Court's inquiry as to Petitioner's physical and mental health, Petitioner responded that she had never been hospitalized and that her mental and physical health was good. Never was there any mention or hint about having been manipulated by what Petitioner describes as "Moral Reconation therapy." Beyond her self-serving statements that her attorney spoke with her by phone while she was being detained and encouraged her to enroll into a program she describes as "Moral Reconation Therapy" (MTR) which presumably was available to her at her place of confinement at the Maryland Corrections Facility in Boyds, Maryland, the record is otherwise bereft of anything specific supporting this claim. The Court will not attempt to decipher what Petitioner means or what Petition is asserting with this notion of "being manipulated by government administered Moral Reconation therapy." This claim is devoid of merit.

Second, Petitioner claims to be the victim of ineffective assistance of counsel. This claim is more of the same. Petitioner frames this second claim as follows: Petitioner was denied her Sixth Amendment Right to effective counsel when her counsel participated in the government's scheme to mentally coerce a plea agreement through prolonged government-

3

administered behavior modification therapy during critical plea agreement negotiations. Again, beyond Petitioner's rambling summary of her background, how her aunt, Harriette Walters, abused her, and the fact that for 18 months of Petitioner's local detention she participated in the MRT program, there is nothing in the record which Petitioner presents to support her claim that her attorney- knowing of her prior abuse and vulnerability- pressured her to participate in the MRT and conspired with the Government to coerced her to enter a guilty plea, and that as a consequence, her counsel rendered ineffective assistance of counsel. These bald allegations are insufficient to establish a cognizable claim.

In order to prevail on his claim for ineffective assistance of counsel, Petitioner must demonstrate that his/her counsel's representation fell below an objective standard of reasonableness (the performance component), and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). *Strickland v. Washington*, 466 U.S. 668 (1984), is the well known case which sets forth the standard.

The transcript reflects that the Court reviewed with Petitioner: the four counts and the elements and proof required of the government on the counts; the constitutional rights which Petitioner enjoyed (including the right to appeal) and which rights Petitioner was waiving; and the maximum punishment to which Petitioner was exposed by virtue of her guilty plea to the four offenses. The plea hearing transcript further reflects that Petitioner acknowledged the truth of the stipulated facts and agreed that she participated in embezzlement, financial fraud and the money laundering scheme. Petitioner further acknowledged that she was satisfied with the services of her counsel, that her counsel had spent enough time talking about the charges and the strategy with her, had gone over all of the elements of the charges with her, and when the Court asked

Petitioner whether counsel had done everything Petitioner has asked him to do—Petitioner responded: "Everything." Finally, in response to the Court's question whether Petitioner had any complaints against her counsel which she wanted to bring to the Court's attention, Petitioner responded: "None, sir." Yet, after more than two years of entering her guilty plea, Petitioner now claims that her counsel participated in a scheme to coerce a plea agreement out of Petitioner who was "manipulated through prolonged government-administered behavior modification therapy during critical plea agreement negotiations. Absent the bald allegations, the record is devoid of any evidence pointing to this claim. The Court finds that there is nothing in the record suggesting that the counsel was derelict in his performance as counsel. Even if there was a performance derelict, there has been no showing that Petitioner suffered any prejudice as a result thereof. The Court concludes that claim, also, must be denied as it is simply a bald, and unsupported allegation.

### III

In short, the Court has reviewed the entire record, including the criminal proceedings as well as the pleadings and record with respect to the instant Motion, and concludes that Petitioner has not demonstrated any constitutional deficiency with respect to her guilty plea entered nor does the Court find any constitutional ineffectiveness of counsel under the *Strickland* test to warrant relief from the conviction and sentence.

Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence is DENIED. A separate order will issue.

Date: March 31, 2011

Alexander Williams, Jr.
United States District Judge